Chad H. HAMBY, et al., Plaintiffs,

v.

POWER TOYOTA IRVINE, et al., Defendants.

Case No. 11cv544–BTM (BGS).

United States District Court, S.D. California.

July 18, 2011.

John W. Hanson, The Hanson Law Firm, San Diego, CA, for Plaintiffs.

Jason Fodrini, Kolar and Associates, Santa Ana, CA, for Defendants.

## ORDER RE EX PARTE APPLICATION FOR DISCOVERY AND STAY OF MOTION TO COMPEL ARBITRATION

BARRY TED MOSKOWITZ, District Judge.

Plaintiff moves ex parte for an order permitting him to conduct discovery on the issue of whether the arbitration clause and class action waiver are unconscionable and an order continuing the hearing date for Defendant's motion to compel arbitration.

Plaintiff asserts that under California Civil Code section 1670.5(b), he is entitled to discovery on this issue. This section confers Plaintiff with " 'a reasonable opportunity to present evidence as to [a contract's] commercial setting, purpose, and effect' to aid the court in determining if the contract or any clause thereof is unconscionable." § 1670.5(b). Although it is less than clear that this right "to present evidence" is equivalent to a right to obtain discovery materials to be used to argue that a contract or clause is unconscionable, there is limited authority for Plaintiff's position. *See Wobb v. Ford Motor Co.*, 76 F.R.D. 452, 458 (W.D.Pa.1977); *Carlson v. General Motors Corp.*, 883 F.2d 287, 293 (4th Cir.1989). Additionally, although neither side addresses this case, at least one court applying Ninth Circuit precedent has held that a party opposing a motion to compel arbitration is entitled to discovery relevant to the issue of unconscionability. *See Coneff v. AT & T Corp.*, No. C06–0944RSM, 2007 WL 738612, at *3, 2007 U.S. Dist. LEXIS 20502, at *9 (W.D.Wash. Mar. 9, 2007). Absent Defendant citing—or independent research uncovering—any case law to the contrary, the Court finds *Coneff* persuasive on this issue.

Rather than challenge Plaintiff's right to discovery, the gravamen of Defendant's opposition is focused on the merits of whether Plaintiff can successfully argue that the arbitration clause at issue is unconscionable. Defendant is correct that after the Supreme Court's recent decision in *AT & T Mobility LLC v. Concepcion,* —— U.S. ——, 131 S.Ct. 1740, 1750–1751, 179 L.Ed.2d 742 (2011), Plaintiff can no longer rely on California's Discover Bank rule [1] to assert that the arbitration agreement is substantively unconscionable merely because it includes a class action waiver. *See Bellows v. Midland Credit Mgmt.*, No. 09CV1951–LAB, 2011 WL 1691323, at *3, 2011 U.S. Dist. LEXIS 48237, at *11 (S.D.Cal. May 4, 2011); *In re*

---

1. This rule had classified most collective-arbitration waivers in consumer contracts as unconscionable. *See AT & T Mobility LLC v. Concepcion,* 131 S.Ct. at 1746.

*Cal. Title Ins. Antitrust Litig.,* No. 08–01341 JSW, 2011 WL 2566449, at \*2, 2011 U.S. Dist. LEXIS 71621, at \*11 (N.D. Cal. June 27, 2011). However, *AT & T Mobility LLC* does not stand for the proposition that a party can never oppose arbitration on the ground that the arbitration clause is unconscionable. *See Shroyer v. New Cingular Wireless Servs.,* 498 F.3d 976, 981 (9th Cir.Cal.2007) ("It is well-established that unconscionability is a generally applicable contract defense, which may render an arbitration provision unenforceable.")

For these reasons, Plaintiff's ex parte application is **GRANTED.** Plaintiff may conduct discovery on the issue of unconscionability, and the hearing date for the motion to compel arbitration is taken off calendar. Magistrate Judge Skomal shall decide the scope of discovery and all applicable deadlines. Magistrate Judge Skomal's chambers shall contact this Court's chambers to obtain a new hearing date for the motion to compel arbitration, as well as deadlines for the parties to file an amended opposition and reply. The hearing date and amended briefing schedule for the motion to compel arbitration shall be included in the discovery scheduling order.

**IT IS SO ORDERED.**